[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence : November 10, 1994
Date of Application : November 10, 1994 CT Page 10810
Date Application Filed : November 10, 1994
Date of Decision : June 22, 1999
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
John Forest, Defense Counsel, for Petitioner.
Victor Carlucci. Jr., Assistant State's Attorney, for the State.
Sentence Modified.
BY THE DIVISION:
KLACZAK, JUDGE.
O'KEEFE, JUDGE.
Following a trial by jury the petitioner, then 26 years of age, was convicted of four counts of Sale of Narcotics by a Non-Drug dependent person, and one count of Conspiracy to sell Narcotics by a Non-Drug dependent person. He was sentenced to 7 years on each of the 5 counts, consecutive to each other, for a total effective sentence of 35 years, to run consecutively to a sentence he was presently serving.
The factual basis for his conviction is as follows:
 During the months of June and July, 1993, Nicholas Spratto, a Southington police officer assigned to the statewide narcotics task force, was working in an undercover capacity. On June 9, 1993, he contacted Donald Redman, an individual known to the defendant for twenty-six years. Redman had been obtaining cocaine from the defendant since early that year. Redman met Spratto in Rockwell Park in Bristol where he was given $500 for the purpose of buying cocaine for Spratto. Redman met the defendant and gave him $400 in exchange for cocaine; Redman kept $100 for himself. Redman then returned to Spratto and gave him the cocaine, which was in the form of chunky white powder contained in a soap box. CT Page 10811
 On June 23, 1993, Spratto met Redman at the same location and gave him $500, which had been placed in a cigarette pack, for the purchase of cocaine. Again, Redman met the defendant and gave him $350 in exchange for cocaine, which Redman then turned over to Spratto. He kept $150.
 On July 9, 1993, Spratto and Redman met on a Bristol street and drove to another area in Bristol where Redman was given $450 for the purchase of cocaine. Redman left the car and walked to a convenience store where he met the defendant. He gave the defendant $300 in exchange for cocaine and kept $150. He then returned to the car and gave Spratto the cocaine.
 On July 23, 1993, Spratto gave Redman $1700. Redman went to the defendant's home, gave him $1550 and set up a second meeting place for the exchange of the cocaine. Redman then met the defendant in Page Park, they drove off in the defendant's car, and Redman was given the drugs. Subsequently, Redman delivered the cocaine to Spratto.
In arguing for a modification, defense counsel states that Redman received a sentence of 14 months of incarceration. But Redman testified against the petitioner at his trial and pleaded guilty to the charges against him. He was certainly deserving of substantial consideration and was hardly in the same posture as Benton. There were apparently two other persons indirectly involved with the petitioner, one Croze who allegedly regularly drove to New York to obtain drugs which were then sold by Benton. Croze apparently was caught carrying cocaine into Connecticut and reportedly was sentenced to a term of 10 years execution suspended after 5 years after pleading guilty. A fourth person, one Tovares, also allegedly a supplier, reportedly was sentenced to a term of 10 years, execution suspended after 4 years, also after pleading guilty.
The petitioner declined to testify or cooperate in the prosecution of either Tovares or Croze, although was offered some consideration if he had done so.
The four sales that this petitioner made were in June and July 1993. At the time he was out on bond awaiting the CT Page 10812 disposition for a 1992 Sale of Cocaine charge (2 counts). Prior to being sentenced in the present case, he was sentenced to a term of 5 years execution suspended after 2 1/2 years. Thus the 35 year sentence was made to run consecutively to that 2 1/2 years he was then serving.
His prior criminal record includes a 1985 Misconduct with a Motor Vehicle conviction in which his passenger was killed. He received a suspended sentence in that case. In 1989 he received a 30 day sentence for a charge of Interfering with a Police Officer, and in 1992 paid a $500 fine for a conviction of Engaging Police in a Pursuit.
The pre-sentence report recommended a "substantial period of incarceration" stating he appears to have been motivated by personal and financial gain; that he minimizes the seriousness of his offenses and that he lacked understanding as to how his actions hurt and undermine society.
The sentencing court, however, commented on the devastating effects drug trafficking has on the quality of life in our communities. In his remarks to the Division, it is clear that the petitioner fails to appreciate the significance of his crimes. He is reminded that the Connecticut legislature has imposed a mandatory minimum sentence of 5 years for each sale count, with a maximum penalty of 20 years. These must be deemed serious offenses.
Having said that, the Division is of the opinion that, under all the circumstances of this case, including a comparison with the sentences imposed for other direct or indirect co-defendants, a modification would be appropriate, although a substantial sentence is also appropriate.
It is the Division's opinion that the consecutive sentences of 7 years for each sale count shall remain unchanged, however the sentence of 7 years on the count of Conspiracy to sell narcotics should be made to run concurrently with the other sentences for a total effective sentence of 28 years, said sentence to run consecutively to the sentence the petitioner was then serving of 2 1/2 years.
Accordingly, this matter is remanded to the Judicial District of Hartford for the purpose of resentencing the petitioner in accordance with this decision. CT Page 10813
Klaczak, J.
O'Keefe, J.
Ianotti, J.
Klaczak, O'Keefe and Ianotti, J.s, participated in this decision.